# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:24-CV-00127-KDB-DCK

ANWAR A. AALAAM,

Plaintiff,

v.

MOVEMENT MORTGAGE, LLC,

Defendant.

**ORDER**

**THIS MATTER** is before the Court on Defendant Movement Mortgage, LLC's ("Movement") Motion to Dismiss (Doc. No. 9). The Court has carefully considered this motion and the parties' briefs in support and in opposition to the motion. Simply put, as explained in detail in Defendants' memoranda (Doc. Nos. 10, 14) and summarized briefly below, this is a frivolous action in which Plaintiff asserts claims that have no merit and have been routinely rejected by numerous courts. Therefore, the Court will **GRANT** the motion and dismiss Plaintiff's claims with prejudice.

## I. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic*

1

*Corp*., 550 U.S. at 570; *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), aff'd sub nom. *Coleman v. Court of Appeals of Maryland*, 566 U.S. 30 (2012). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, ... bare assertions devoid of further factual enhancement[,] ... unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc*., 591 F.3d 250, 255 (4th Cir. 2009). Construing the facts in this manner, a complaint must only contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (internal quotations omitted). Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

## II.     DISCUSSION

According to the Complaint, Plaintiff Aalaam executed a promissory note dated August 13, 2021, in exchange for a loan from Movement in the original principal amount of $373,000. (Doc. No. 1 at 3). Now, three years after the loan was made, Aalaam asserts that his loan was the result of fraud, the loan agreement constituted an allegedly unconscionable contract, and Movement is attempting to "convert" the real property that secures the loan. (*Id.* at 7-15.) He seeks an order requiring Movement to disgorge, and permit him to recoup, purportedly "wrongful gains." (*Id.* at 15-17.).

The alleged grounds on which Aalaam bases his efforts to avoid paying his mortgage loan are often referred to as the "vapor money" theory. The theory posits that "banks deal in 'unlawful money' or 'vapor money' and their loans are mere credit that need not be repaid." *Ervin v. Bank*

2

*of America,* No. 3:13-cv-337-RJC-DSC, 2013 WL 6244177, at *2 n.1 (W.D.N.C. Dec. 3, 2013). "The 'vapor money' theory states that any debt based upon a loan of credit rather than legal tender is unenforceable." *Evans v. Beneficial Financial I, Inc.,* No. DKC 14-1994, 2015 WL 535718, at * 5 (D. Md. Feb. 9, 2015) (cleaned up). "[P]ursuant to the vapor money theory, a loan imposes no repayment obligation on the recipient if the indebtedness was funded with credit as opposed to hard currency." *Price v. Lakeview Loan Servicing, LLC,* No. 2:19-cv-655, 2021 WL 1610097, at *4 (M.D. Fla. Apr. 26, 2021), *aff'd per curiam,* No. 21-11806, 2022 WL 896816 (11th Cir. Mar. 28, 2022). A variation of this theory proffered by Aalaam theorizes that:

> when an individual executes a promissory note in favor of a bank, he has actually provide[d] the bank 'money.' The bank then deposits this 'money' into its own account, lists it as an asset on its ledger, and lends it back to the individual. Through bookkeeping procedures, the bank has supposedly created money . . . and the note is thus void from the outset.

*Wilkerson v. Gozdan*, No. 2:14-cv-693, 2014 WL 4093279, at *5 (M.D. Ala. Aug. 19, 2014); *see* Doc. No. 1 at 10 ("The liability is money the Defendant OWES to Plaintiffs [sic] for their asset that was deposited. Banks are 'creating' money based on a borrower's promise to repay . . . .").

However, "[c]laims based on 'vapor money' theory have been consistently rejected by federal courts as frivolous and insufficient to withstand a motion to dismiss." *Evans,* 2015 WL 535718, at * 5 (cleaned up) (collecting cases); *see also Eastern Savings Bank, FSB v. Springer*, No. 11-CV-4431, 2015 WL 13735520, at *8 (E.D.N.Y. Jan. 30, 2015) (noting that, "[t]hese theories have been universally and emphatically rejected by numerous federal courts for at least the last 25 years" (cleaned up)). The Court joins this chorus of disapproval for Plaintiff's discredited theories. Indeed, with all due respect to Plaintiff's rights to pursue claims he presumably has been led to believe have some validity, this case has plainly been a waste of

3

Plaintiff's and Defendant's time and money and the Court's resources. Defendant's motion will be granted and this action dismissed.

### III. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion to Dismiss (Doc. No. 9) is **GRANTED;**
2. Plaintiff's claims are dismissed with prejudice; and
3. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: August 21, 2024

Kenneth D. Bell
United States District Judge